**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

MORRIS RICHARD EDWARDS                                              PLAINTIFF

v.                                        CIVIL ACTION NO. 3:23-CV-P62-JHM

ANNA VALENTINE *et al.*                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the

Court upon a motion to dismiss (DN 38).  For the following reasons, the Court will grant the

motion.

**I.**

In the complaint, Plaintiff alleges that his rights were violated by the medical care he

received at Kentucky State Reformatory (KSR) as a convicted prisoner.  He specifically states that

Defendants violated his rights under the Eighth and Fourteenth Amendments (his "§ 1983

claims").  He also asserts state-law claims of medical malpractice/negligence.  Plaintiff specially

alleges that Defendants' actions or inactions caused him to become a "paraplegic involving both

lower extremities an torso with weakening in upper extremities, decreased vision, mild cerebral

atrophy and have left him with a permanent colostomy." (DN 1, p. 1).  Upon initial review of this

action pursuant to 28 U.S.C. § 1915A (DN 11), the Court dismissed Plaintiff's claims against KSR

Warden Anna Valentine, but allowed the action to proceed against Wellpath Health Care Services

("Wellpath"), fourteen named Wellpath officials, and two Wellpath John Does.  In allowing this

action to proceed, the Court passed no judgment on the merits of Plaintiff's claims.  *Id.*

In their motion to dismiss, Defendants argue that this action is barred by the applicable

statute of limitations (DN 38).  Defendants point out that all of the actions which Plaintiff objects

to in the complaint occurred, by Plaintiff's own timeline, between 2020 and 2021; that the most recent timeline date is May 3, 2021; and that Plaintiff did not initiate this action until February 2023.

In his original response to the motion, Plaintiff only argued that the statute of limitations issue should not be considered now since the Court had allowed the case to proceed on initial review (DN 44). Because motions to dismiss filed after an § 1915A are permitted, though usually disfavored, the Court entered an Order directing Plaintiff to file a substantive supplemental response to Defendants' motion (DN 44). In his supplemental response (DN 46), Plaintiff argues that this action should be found timely because KSR was on lockdown for more than 200 days between June 2020 and January 2023 due to the COVID-19 pandemic. Plaintiff further states that during this period he had limited legal assistance since inmates were often isolated from one another for periods of time. *Id.* He states that a legal aide was eventually allowed to "make rounds" to begin research and compile the complaint. *Id.* Finally, Plaintiff states that he was "totally incapacitated" for some period. *Id.*

In their supplemental reply (DN 47), Defendants essentially argue that Plaintiff's reasons for filing the complaint after the statute of limitations had expired are too broad and conclusory to show that Plaintiff is entitled to equitable tolling.

Plaintiff also filed an addendum to his supplemental response to which he attaches a document which purportedly shows the dates that KSR was on lockdown (DN 48).

## II.

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers whether the well-pleaded allegations in the complaint are sufficient to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).  The Sixth Circuit has clarified that the Court may grant a Rule 12(b)(6) motion on statute of limitations grounds where "the allegations in the complaint affirmatively show that the claim is time-barred." *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).

## III.

### A. § 1983 Claims

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  The statute of limitations starts to run either "when the plaintiff has a complete and present cause of action," or "when the plaintiff knows of, or should have known of, that cause of action."  *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (citations omitted)

Here, Plaintiff does not dispute that his claims accrued no later than May 3, 2021, the last date he references in the complaint, when Plaintiff states he was finally hospitalized for his medical conditions.  Thus, Plaintiff had until May 3, 2022, to timely file this action under the applicable statute of limitations.[1]  As noted above, he did not file this action until February 2023, approximately nine motions after the statute of limitations had expired.  However, in his supplemental response, Plaintiff essentially argues that his circumstances show that he is entitled

---

[1] Although the statute of limitations may be tolled while a prisoner is pursuing administrative remedies, *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000), Plaintiff makes no arguments in this regard.

to equitable tolling.

"In a § 1983 case, 'just as limitations periods are taken from state law, so are the rules regarding equitable tolling.'" *Patton v. Louisville Jefferson Cnty. Metro Gov't,* No. 3:18-CV-00346-RGJ, 2021 U.S. Dist. LEXIS 35777, at \*15 (W.D. Ky. Feb. 25, 2021) (quoting *Kucharski v. Leveille*, 526 F. Supp. 2d 768, 771 (E.D. Mich. 2007)). "Kentucky courts only allow equitable tolling when (1) the litigant has put forward a diligent effort to meet the constraints of the statute of limitations, and (2) some extraordinary circumstance beyond the litigant's control prevents him from meeting the statute of limitations." *Id*. at \*6 (citations omitted).

In the instant case, Plaintiff has failed to satisfy the first prong of this standard by providing any information regarding what steps he took to file this action before the statute of limitations expired. Indeed, Plaintiff's arguments only go to the second prong of this standard – that extraordinary circumstances related to COVID-19 lockdowns and his "incapacitation" prevented him from meeting the statute of limitations.

In *Johnson v. United States*, the Sixth Circuit recently considered and rejected an argument similar to Plaintiff's COVID-19 lockdown argument. No. 22-5863, 2023 U.S. App. LEXIS 4797 (6th Cir. Feb. 27, 2023). In that case, the prisoner argued that his action should be deemed timely filed because COVID-19 lockdowns and a related lack of access to the law library caused him to be unable to file his complaint within the time allowed. *Id*. However, the court observed that "frequent lockdowns and limited access to a law library are just two of the many inconveniences that inmates encounter and are not unusual." *Id*. at \*5 (citing *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 345-46 (6th Cir. 2014)). The *Johnson* court then stated:

> In any event, Johnson does not explain how those circumstances prevented him from filing his complaint on time. Johnson does not state that he was denied paper or writing instruments during the limitations period or that confinement to his cell prevented him from preparing his complaint, which is a fact-intensive document.

4

> We note that the form complaint filed by Johnson prompts him to provide facts without any legal arguments or case citations. And under the relief heading, the form prompts the plaintiff to indicate the relief sought without legal arguments or citations to legal authority. Although the form provides a place for the plaintiff to state which rights, laws, or regulations were violated, if known, it does not require that information.

*Id.* at *5-6.

The Court can discern no difference between these circumstances and Plaintiff's. Although Plaintiff states that he did not have access to a legal aide or other "assistance" during COVID-19 lockdowns, Plaintiff does not state that he was denied paper or writing instruments during the limitations period or that confinement to his cell prevented him from preparing his complaint, which is a fact-intensive document. And although Plaintiff chose to file his own type-written complaint (with some pages on some type of complaint form), this Court's *pro se* § 1983 complaint form is like the one in *Johnson*. It prompts a plaintiff to state the facts of his case; to describe how each defendant violated his rights; and to set forth the dates on which each event took place.[2] It also specifically instructs the prisoner not to make legal arguments or cite cases or statutes. Thus, the Court concludes that Plaintiff has failed to show that COVID-19 lockdowns at his prison prevented him from timely filing this action.

The Court next turns to Plaintiff's argument that the extraordinary circumstance of being "completely incapacitated" by his medical conditions, which include being a "paraplegic involving both lower extremities an torso with weakening in upper extremities, decreased vision, mild cerebral atrophy . . .," prevented him from timely filing this action (DN 1, p. 1). Kentucky courts have held that incapacitation might provide a ground for equitable tolling, but that the "critical inquiry is 'whether the circumstances preventing a petitioner from making a timely filing were both beyond the petitioner's control and unavoidable despite due diligence.'" *Pearson v. Correct*

---

[2] *See* https:// www.kywd.uscourts.gov/sites/kywd/files/forms/1983_Prisoner_Packet_2.pdf.

*Care Sol.*, No. 2019-CA-1565-MR, 2022 Ky. App. Unpub. LEXIS 320, at *7 (Ky. Ct. App. June 10, 2022) (quoting *Lee v. Haney*, 517 S.W.3d 500, 505 (Ky. Ct. App. 2017)).

Plaintiff's argument regarding incapacitation fails.  As stated above, to initiate this action, Plaintiff need only to have completed a court-supplied § 1983 complaint form.  While Plaintiff's health conditions may have made that task more difficult, Plaintiff does not explain how they rendered him completely unable to timely file a complaint form during the one-year statute-of-limitations period. *See, e.g.*, *Plummer v. Warren*, F. App'x 501 (6th Cir. Feb. 16, 2012) (holding that in the context of a 28 U.S.C. § 2254 habeas corpus petition, "[i]llness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period") (citation omitted);  *Ata v. Scutt*, 662 F.3d 737, 742 (6th Cir. 2011) (holding that mental incompetence can be an extraordinary circumstance which tolls the statute of limitations for a § 2254 petition *if* the petitioner shows a *causal link* between the mental condition and the untimely filing); *accord Anthony v. Rosenberg*, No. 9:22-cv-378 (BKS/CFH), 2023 U.S. Dist. LEXIS 146900, at *8-9 (N.D.N.Y Aug. 22, 2023) (granting motion to dismiss on statute-of-limitations grounds where the plaintiff alleged that he was prevented from timely filing the action due to severe vision loss, which prevented him from reading, writing, and working on his case, but did not explain what efforts he undertook to pursue his legal rights before the statute of limitations expired).

 Thus, because Plaintiff has failed to satisfy either prong of the equitable tolling standard, the Court concludes that Plaintiff's § 1983 claims are barred by the statute of limitations. The Court will therefore grant Defendants' motion to dismiss as to Plaintiff's §1983 claims for failure to state a claim upon which relief.[3]

---

[3] In the motion to dismiss, Defendants indicate that their statute-of-limitations argument is only brought on behalf of

## B. State-Law Claims

As to Plaintiff's state-law claims, although it appears that they would likewise be time-barred, the Court declines to exercise jurisdiction over such claims.  *See* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

## IV.

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion to dismiss (DN 38) is **GRANTED**.  The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date:  April 3, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.011

---

the "properly served" Defendants and that Plaintiff's claims against the "unserved" Defendants should be dismissed for failure to prosecute.  However, the Court need not determine which Defendants have been properly served and which have not because the statute of limitations bars Plaintiff's § 1983 claims against all Defendants.